UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| BRASFIELD & GORRIE LLC | ) | |
| | ) | |
|     Plaintiff, | ) | Civil No. 3:18-cv-00066-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| HARROD CONCRETE AND STONE CO., | ) | **&** |
| | ) | **ORDER** |
|     Defendant/Third-Party Plaintiff | ) | |

V.

NIMROD LONG & ASSOCIATES, INC.,

    Third-Party Defendant.

\*\*\* \*\*\* \*\*\* \*\*\*

The Plaintiff alleges that the concrete used for a project consists of defects due to Harrod's failure to supply concrete to the architects' specifications. However, Harrod argues that the architects should be held liable due to their inadequate design specifications prepared for the production of concrete, which Harrod relied upon. The Third-Party Defendant asserts that the Defendant's Third-Party Complaint fails to statute a claim upon which relief may be granted. For the reasons that follow, Nimrod Long & Associates, Inc.'s Motion to Dismiss [R. 25] is **DENIED**.

**I**

Brasfield & Gorrie LLC (Brasfield) was a general contractor hired by Fritz Farm Retail Company, LLC to construct The Summit at Fritz Farm, a multi-use development. [R. 18 at 7.] On March 15, 2016, Brasfield & Gorrie entered into a contract with Harrod Concrete and Stone Co. (Harrod), in which Harrod agreed to furnish concrete for the development. [R. 1 at 7.]

Nimrod Long & Associates, Inc. (Nimrod) provided landscape architectural and design services for the Fritz Farm Project. [R. 18 at 8.] Nimrod prepared and approved concrete design specifications which were provided to Brasfield for use in the Fritz Farm Project. [*Id*. at 9.] Brasfield directed that Harrod use Nimrod's concrete specifications for use in producing the concrete. [*Id*. at 10.]

On November 16, 2018, Brasfield filed a Complaint asserting claims against Harrod related to alleged defects in the performance of the concrete supplied to the Fritz Farm Project. [*Id*. at 16.] Specifically, Brasfield alleges that Harrod failed to supply concrete to Nimrod's specifications because of allegedly low air entrainment levels. [R. 1 at 30.] Harrod filed an Answer denying Brasfield's allegations that the surface scaling was caused by the allegedly low entrained air levels in the concrete. [R. 29 at 2.] On December 2, 2019, Harrod filed a Third-Party Complaint against Nimrod, asserting claims for negligence, negligent misrepresentation, and common law indemnity. [R. 18.] Specifically, Harrod alleges that "the specifications prepared by Nimrod were inferior and inadequate for the production of concrete to be utilized for exterior hardscape and other improvements of the Fritz Farm Project, among other reasons, because concrete is exposed to severe weather with freeze/thaw cycles in Kentucky." [*Id*. at 16.] Now, Nirmod has filed a Motion to Dismiss the Third-Party Complaint filed by Harrod for failure to state a claim upon which relief may be granted. [R. 25.] Harrod filed a response opposing Nimrod's Motion. [R. 29.] Nimrod failed to reply to Harrod's response, and the Motion to Dismiss is now ripe for the Court to take under consideration.

## II

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the

light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). See also *Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

## A

### 1

First, Nirmod argues that Harrod has not asserted a valid claim of negligent misrepresentation because there is an absence of privity between the parties. [R. 25 at 3.] In Kentucky, negligent misrepresentation occurs when

> [o]ne who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Presnell Constr. Managers, Inc. v. EH Constr., LLC,* 134 S.W.3d 575, 581 (Ky. 2004) (citation omitted).

It is true that the Restatement does not require that a plaintiff be harmed in direct business transactions with a defendant. Restatement (Second) of Torts § 552 cmt. g (1977) ("[D]irect communication of the information to the person acting in reliance upon it is not necessary."); *see*

3

*also id.* at illustr. 4 (providing that liability may lie where a real estate agent negligently supplies misinformation about the lots to a Real Estate Board's listing, on which a buyer relies).

Contrary to what Nimrod contends, an architect, such as Nimrod, may be found liable under a contractor's claim for negligent misrepresentation in the absence of privity. *Presnell*, which is cited by Defendants, is in accord with this rule. The case involved a dispute between a contractor and the general manager. *Presnell*, 134 S.W.3d at 577. These parties did not engage in a direct business transaction and were not in privity (each had contracted separately with the owner). Id. After the contractor incurred delay damages because of the manager's "faulty information" regarding the project schedule, he brought a negligent misrepresentation claim against the manager. *Id*. at 578. The Kentucky Supreme Court held that — notwithstanding the lack of a direct contractual relationship — the manager owed a duty to the contractor under § 552. *Id*.

In addition, the Kentucky Court of Appeals has expressly recognized that architects can be held liable by third parties for negligent misrepresentation by supplying faulty design plans and specifications. *D.W. Wilburn, Inc. v. K. Norman Berry Assocs*., 2016 Ky. App. Unpub. LEXIS 891, at *13-14 (Ky. Ct. App. Dec. 22, 2016). Therefore, Nimrod owed a duty to Harrod separate from its contractual duties to Brasfield. Specifically, Harrod asserts that the designs prepared by Nimrod, which Harrod reasonably and foreseeably relied upon, were negligently prepared because the mix design specifications were inadequate. [R. 18 at 4-5.] However, Nimrod represented to Brasfield and Harrod that they were suitable for use at the Fritz Farm Project. [*Id*. at 5.]

2

Next, Nimrod points out that "Harrod Concrete has not admitted liability or otherwise demonstrated that it is exposed to liability at this juncture." [R. 25 at 4.] This statement suggests that Nimrod believes that Harrod's negligent misrepresentation claim against Nimrod is reliant or contingent upon Brasfield's claims against Harrod. However, Harrod's claims do not have to be dependent upon the original case's suit. "Nimrod's reliance upon Brasfield's allegations against Harrod is distinct from Harrod's claims against Nimrod." [R. 29 at 4.]

Further, Nimrod argues that Harrod's Third-Party Complaint does not identify with sufficient specificity the faulty information Nimrod allegedly provided to Harrod. [R. 25 at 4.] In response, Harrod consistently argues that they do not need to provide every fact or detail of their whole case in their Complaint—an undeniably true assertion. [R. 29 at 3-4.] The plausibility standard of pleading is met "when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Complaint alleges that Nimrod prepared inadequate mix design specifications and approved mix designs to which Harrod relied on and acted in accordance with inadequate specifications. [R. 29 at 4.] This statement can be construed to encompass the 6% air entrainment specification that Harrod relied upon in supplying concrete for the project, which Harrod alleges to be faulty information. [*Id.*] This alone, is a factual assertion that adequately alleges causation due to Nimrod's negligently prepared specifications. Therefore, this Court cannot say at this point that Harrod could not prove the elements of negligent misrepresentation.

5

Harrod has provided sufficient facts in their complaint to allege negligent representation on the part of Nimrod.

**B**

Second, Nimrod cites Kentucky law in regard to common law indemnity, suggesting that Harrod's Third-Party Complaint contains insufficient allegations to assert a third-party claim against Nimrod for common law indemnity. [R. 25 at 3.] Without any supporting facts or specifications, it is unclear as to what specific contentions Nimrod is alleging in regard to the sufficiency of Harrod's common law indemnity claim. Common law indemnity arises where "one of two parties does an act or creates a hazard and the other, while not concurrently joining in the act, is nevertheless, thereby exposed to liability." *ARA Servs., Inc. v. Pineville Community Hosp.,* 2 S.W.3d 104, 106, 46 3 Ky. L. Summary 2 (Ky. Ct. App. 1999) (citation omitted). Indemnity reflects the equitable notion that even where two tortfeasors cause injury to another, in certain circumstances, the more "responsible" or more "culpable" tortfeasor should bear the entire cost of the injury. *Union Carbide Corp. v. Sweco, Inc.,* 610 S.W.2d 932, 934 (Ky. App. 1981).

There is no simple, categorical way to determine when indemnity applies. Although courts have devised labels to describe the kinds of tortfeasors to whom indemnity applies—active/passive, primary/secondary—the Kentucky Supreme Court has warned against focusing too closely on these labels rather than on the "underlying equitable principles and the operative facts behind these labels." *Crime Fighters Patrol v. Hiles,* 740 S.W.2d 936, 938 (Ky. 1987). Kentucky courts have also relied on the factual illustrations provided by the Restatement (Second) of Torts and the Restatement of Restitution as guideposts for determining when indemnity applies. *See id.* at 939; *Eichberger v. Reid,* 728 S.W.2d 533, 535 (Ky. 1987);

6

*Kanawha Steel and Equipment Co. v. Dorsey Trailers, Inc.,* 856 F.2d 780, 782-83 (6th Cir. 1988) (applying Kentucky law).

The Restatement of Restitution provides:

> Where a person has become liable with another for harm caused to a third person because of his negligent failure to make safe a dangerous condition of land or chattels, which was created by the misconduct of the other or which, as between the two, it was the other's duty to make safe, he is entitled to restitution from the other for expenditures properly made in the discharge of such liability, unless after discovery of the danger, he acquiesced in the continuation of the condition.

*Restatement of Restitution* § 95 (1937).  The comment states that the rule applies "to situations in which a person has a non-delegable duty with respect to the condition of his premises but has entrusted the performance of this duty to a third person, either a servant or an independent contractor."  *Id.*

The well-known *Brown Hotel* case seems to fit within these general rules.  *Brown Hotel Co. v. Pittsburgh Fuel Co.,* 311 Ky. 396, 224 S.W.2d 165 (Ky. 1949).  There, a Pittsburgh Fuel employee working on the premises of the Brown Hotel left a manhole lid insecure and a pedestrian was injured when he stepped on the lid.  *Id.* at 166.  Although the Brown Hotel was negligent in failing to discover and remedy the condition, it was entitled to indemnity from Pittsburgh Fuel whose negligence was the "primary, efficient and direct cause of the accident."  *Id.* at 167.

In light of these general principles, the present facts sufficiently allege a claim of common law indemnity against Nimrod.  Harrod states that their claim for common law indemnity "concerns Nimrod's preparation of faulty specifications that were inadequate for exterior hardscape at the Fritz Farm Project."  [R. 29 at 4.]  According to the Complaint, Harrod alleges that if Harrod is to be held liable for delivering a product that did not meet Nimrod's prescribed specifications, it is at the fault of Nimrod for failure to provide adequate design

7

specifications for Kentucky's climate and the project's intended use. [*Id.*]  Harrod is responsible for any defects in the performance of the concrete supplied to the Fritz Farm Project.  On the other hand, Harrod has a claim of indemnity against the architects if they place Defendant in a position of being primarily responsible by their own mistake.  The Defendant and the Third-Party Defendant do not appear to be *in pari delicto* or having participated together in the wrongdoing or being jointly at fault.  Thus, Defendant is entitled to claim indemnity either in the current action or after its own primary liability has been determined.

### III

"The defendant has the burden of showing that the plaintiff has failed to state a claim for relief."  *DirecTV, Inc.,* 487 F.3d at 476. (*citing Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)).  Nimrod has failed to do just this.  At this point, Harrod has provided sufficient facts in their Complaint to support their allegations against Nimrod.  Currently, the Court is not in a position to determine the ultimate outcome of the substantive issues of the case but each issue will be fully adjudicated when the Court reaches the merits of each Complaint.  Accordingly, Nimrod's Third-Party Defendant Motion to Dismiss **[R. 25]** is **DENIED**.

This the 10th day of June, 2020.

Gregory F. Van Tatenhove
United States District Judge

8